UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE HOUSTON, | Case No. 2:25-cv-1357-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this 42 U.S.C. § 1983 action against P. Kuppinger and J. Hunt, correctional officers at CSP-Sacramento, alleging violations of the Fourth, Fifth, and Eighth Amendments and other state law torts. ECF No. 7.[1] The allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 6, and deny his remaining request as moot, ECF No. 2.

---

[1] Plaintiff filed his original complaint on May 13, 2025, *see* ECF No. 1, and filed an amended complaint on May 30, 2025, *see* ECF No. 7. Because amended complaints supersede original complaints, *see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), I am only considering the allegations contained in the most recently filed complaint. I note, though, that both complaints appear to be the same.

1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on December 16, 2022, CSP-Sacramento was conducting an institutional mass search of inmate cells. ECF No. 7 at 3. He alleges that Kuppinger and Hunt searched his cell. *Id.* After the search, Hunt signed a cell search worksheet and noted that he had taken plaintiff's headphones, cable wires, and trash. *Id.* According to plaintiff, Hunt and

2

1  Kuppinger also took his 15" television, but they failed to note that on the search worksheet or to
2  explain why it was taken. *Id.*

3  Plaintiff alleges that Kuppinger and Hunt violated his Fourth, Fifth, and Eighth
4  Amendment rights when they confiscated his television. *Id.* at 4. He also alleges that this
5  conduct violated California Code of Rules and Regulations ("CCR") Title 15 §§ 3191(c)(1),
6  3193(b), 3414(1), 3287(a)(2), (3), (4), and (5)(d), and 3278. *Id.* at 4-5. He further contends that
7  Kuppinger and Hunt inflicted intentional emotional distress ("IIED") and harassed him and
8  discriminated against him because he has a serious mental illness, and that their conduct was in
9  violation of "*Coleman v. Schwarzenegger* and *Heck v. CDCR*." *Id.* at 5. Finally, he alleges that
10 defendants' actions violated the California Tort Claims Act. *Id.*

11 Plaintiff's complaint fails to state a claim. First, plaintiff cannot adequately allege a
12 Fourth Amendment violation because the Fourth Amendment's protections against unreasonable
13 searches and seizures do not apply to prison cell searches. *See Hudson v. Palmer*, 468 U.S. 517,
14 526 (1984) ("[T]he Fourth Amendment proscription against unreasonable searches does not apply
15 within the confines of the prison cell."); *see also Payne v. Hedgpeth*, No. 09-cv-00127-GSA,
16 2009 WL 1286518, at *12 (E.D. Cal. May 7, 2009) (dismissing plaintiff's Fourth Amendment
17 claim based on a search and seizure of plaintiff's personal property because inmates are not
18 protected by the Fourth Amendment within the confines of their prison cell (citing *Hudson*, 468
19 U.S. at 536)); *Giba v. Cook*, 232 F. Supp. 2d 1171, 1186 (D. Or. 2002) ("It is well-settled that a
20 state prisoner has no reasonable expectation of privacy in his cell and is not entitled to Fourth
21 Amendment protection against unreasonable searches and seizures.").

22 Additionally, to the extent plaintiff brings his claims under the Fifth Amendment, it is
23 unclear under which constitutional provision he brings his claim. If plaintiff is bringing this
24 claim under the Takings Clause of the Fifth Amendment, he fails to state a claim. Under the
25 Takings Clause, "private property [shall not] be taken for public use, without just compensation."
26 U.S. Const. amend. V. The Takings Clause applies to the states through the Fourteenth
27 Amendment. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998).
28 Importantly, the Takings Clause is only implicated when the alleged taking was for a public use.

3

1   *Scott v. Jackson Cnty.*, 297 F. App'x 623, 625-26 (9th Cir. 2008).  Plaintiff does not allege that
2   his television was taken for public use, and so he fails to state a claim under the Takings Clause.
3         To the extent plaintiff brings a Fifth Amendment due process challenge against the taking
4   of his television, he still fails to state a claim "because the due process and equal protection
5   components of the Fifth Amendment apply only to the federal government."  *Sanchez v. City of*
6   *Fresno*, 914 F. Supp. 2d 1079, 1098 (E.D. Cal. 2012).  Plaintiff's claims are against state, not
7   federal, actors, meaning he cannot bring a Fifth Amendment due process claim against these
8   defendants.
9         Plaintiff also fails to adequately allege an Eighth Amendment violation.  The Eighth
10  Amendment protects inmates from inhumane conditions of confinement.  *Morgan v. Morgensen*,
11  465 F.3d 1041, 1045 (9th Cir. 2006).  To sufficiently allege an Eighth Amendment violation, a
12  plaintiff must allege that he was deprived of something "sufficiently serious," and that the
13  deprivation occurred with a deliberate indifference.  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th
14  Cir. 2010).  A deprivation is "sufficiently serious" when it results "in the denial of the minimal
15  civilized measures of life's necessities."  *Foster v. Runnels*, 554 F.3d 807, 813 (9th Cir. 2009)
16  (internal quotation marks and citation omitted).  These life necessities are things such as shelter,
17  food, clothing, sanitation, medical care, and safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.
18  2000).  "[R]outine discomfort inherent in the prison setting" is insufficient to establish a
19  "sufficiently serious" deprivation.  *Id.*  Here, case law does not suggest that seizure of a television
20  qualifies as a "sufficiently serious" deprivation under the Eighth Amendment, as the seizure does
21  not implicate the deprivation of plaintiff's food, shelter, medical care, or other basic life
22  necessities.  While the Eighth Amendment protects inmates from cell searches that are conducted
23  for "calculated harassment," *Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989), plaintiff
24  does not allege that the cell search was conducted for this reason.  Accordingly, he fails to allege
25  an Eighth Amendment violation.
26        Finally, plaintiff vaguely alleges that defendants harassed and discriminated against him
27  because he has a serious mental illness, in violation of "*Coleman v. Schwarzenegger* and *Heck v.*
28  *CDCR*."  As best I can discern, plaintiff brings a claim based on *Brown v. Plata*, 563 U.S. 493

(2011), where the Supreme Court addressed varying constitutional concerns related to California inmates with serious mental and physical health issues. The Supreme Court was asked to determine whether a remedial order issued by a three-judge panel was consistent with the PLRA, and whether the panel had authority to order the remedy selected to address these constitutional concerns. *See id.* at 539-45. Plaintiff's allegations of an erroneously seized television bear little apparent connection to the holding in *Brown*, and he fails to state a cognizable claim.

In light of the foregoing, plaintiff has failed to adequately plead any federal claim. Therefore, the court declines to address the remaining state law claims of violations of CCR Title 15, IIED, or the California Torts Claim Act. *See Decker v. Shasta Cnty.*, No. 2:16-cv-1179-KJN, 2017 WL 3601382, *3, (E.D. Cal. Aug. 22, 2017) ("Moreover, absent federal claims, this action cannot proceed solely on the basis of state law claims. Although the court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law.").

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey*, 693 F.3d at 907 n.1. This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis*, ECF No. 6, is GRANTED. Plaintiff's remaining request to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

2. Plaintiff's complaint, ECF No. 7, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   June 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE