UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY LEE HOUSTON, | Case No. 2:25-cv-1357-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| P. KUPPINGER, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this 42 U.S.C. § 1983 action against P. Kuppinger and J. Hunt, correctional officers at CSP-Sacramento, alleging violations of the Fifth and Eighth Amendments. ECF No. 13. I previously dismissed plaintiff's complaint for failure to state a claim, and the core of his allegations is unchanged. Therefore, I will recommend that this action be dismissed for failure to state a claim.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
4    require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
5    662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
6    possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
7    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8    1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
9    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10   n.2 (9th Cir. 2006) (en banc) (citations omitted).

11   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
12   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
13   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14   would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16   of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                            **Analysis**

19   As before, plaintiff alleges that on December 16, 2022, CSP-Sacramento conducted an
20   institutional mass search of inmate cells. ECF No. 13 at 3. He alleges that Kuppinger and Hunt
21   searched his cell. *Id.* After the search, Hunt signed a cell search worksheet and noted that he had
22   taken several of plaintiff's items, but Hunt failed to note that he and Kuppinger also took
23   plaintiff's 15" television. *Id.* Plaintiff alleges that his late mother gave him the television and
24   that a fellow inmate had outfitted it with speakers. *Id.* The loss of his television has caused
25   plaintiff serve mental stress. *Id.* at 4.

26   Plaintiff alleges that Kuppinger and Hunt violated his Fifth and Eighth Amendment rights
27   when they confiscated his television. *Id.* at 3-5.

28

1    Plaintiff's amended complaint fails to state a claim.  Plaintiff first alleges that defendants
2 violated the Takings Clause of the Fifth Amendment.[1]  Under the Takings Clause, "private
3 property [shall not] be taken for public use, without just compensation."  U.S. Const. amend. V.
4 The Takings Clause applies to the states through the Fourteenth Amendment.  *Schneider v. Cal.*
5 *Dep't of Corr.*, 151 F.3d 1194, 1198 (9th Cir. 1998).  As I explained in my previous order, the
6 Takings Clause is only implicated when the alleged taking was for a *public use*.  *Scott v. Jackson*
7 *Cnty.*, 297 F. App'x 623, 625-26 (9th Cir. 2008).  Plaintiff does not allege that his television was
8 taken for public use.

9    Plaintiff also fails to adequately allege an Eighth Amendment violation.  The Eighth
10 Amendment protects inmates from inhumane conditions of confinement.  *Morgan v. Morgensen*,
11 465 F.3d 1041, 1045 (9th Cir. 2006).  To sufficiently allege an Eighth Amendment violation, a
12 plaintiff must allege that he was deprived of something "sufficiently serious," and that the
13 deprivation occurred with a deliberate indifference.  *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th
14 Cir. 2010).  A deprivation is "sufficiently serious" when it results "in the denial of the minimal
15 civilized measures of life's necessities."  *Foster v. Runnels*, 554 F.3d 807, 813 (9th Cir. 2009)
16 (internal quotation marks and citation omitted).  These life necessities are things such as shelter,
17 food, clothing, sanitation, medical care, and safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.
18 2000).  "[R]outine discomfort inherent in the prison setting" is insufficient to establish a
19 "sufficiently serious" deprivation.  *Id.*  Here, as noted in the previous screening order, the seizure
20 of a television does not qualify as a "sufficiently serious" deprivation under the Eighth
21 Amendment, as the seizure does not implicate the deprivation of plaintiff's food, shelter, medical
22 care, or other basic life necessities.  While the Eighth Amendment protects inmates from cell
23 searches that are conducted for "calculated harassment," *Vigliotto v. Terry*, 873 F.2d 1201, 1203

---

[1] If plaintiff intended to bring a Fifth Amendment due process challenge against the taking of his television, he fails to state a claim "because the due process and equal protection components of the Fifth Amendment apply only to the federal government." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1098 (E.D. Cal. 2012).  Plaintiff's claims are against state, not federal, actors, meaning he cannot bring a Fifth Amendment due process claim against these defendants.

3

(9th Cir. 1989), plaintiff does not allege that the cell search was conducted for this reason. Accordingly, he fails to allege an Eighth Amendment violation.

Plaintiff has previously been granted an opportunity to amend his complaint, yet he is no closer to alleging a viable claim. Thus, I find it appropriate to recommend dismissal of this action without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citations omitted); *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 13, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 3, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4